UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re: Fundamental Long Term Care, Inc.        BK. No. 8:11-bk-22258-CED

_____/

ESTATE OF JUANITA JACKSON, et al.,

   Appellants,

v.                                                                          CASE NO. 8:21-cv-1127-SDM

ROBERT F. ELGIDELY, et al.,

   Appellees.
_____/

**<u>ORDER</u>**

In another appeal about fees emanating from the bankruptcy of Fundamental Long Term Care, Inc., the probate estates of Juanita Jackson, Joseph Webb, Elvira Nunziata, Arlene Anne Townsend, Opal Lee Sasser, and James Henry Jones challenge an order approving payment of an hourly fee to Genovese Joblove & Battista, P.A., remitted in accord with an approved settlement between the Chapter 7 Trustee and Troutman Sanders LLP. The history of the fee and other litigation between these parties is exhaustively detailed elsewhere.

In February 2016, the bankruptcy court approved (Doc. 6-209) the Trustee's retaining Genovese as special litigation counsel to pursue a claim against Troutman Sanders. The Trustee and Genovese agreed to a contingency fee. Soon after,

Troutman Sanders settled the claim.  And in December 2016, the Trustee moved (Doc. 6-251) under Rule 9019, Federal Rules of Bankruptcy Procedure, for approval of the $6.5 million settlement with Troutman Sanders.  Under an "additional consideration to estate" provision,[1] Genovese in the settlement agreed to apply to the bankruptcy court for payment of Genovese's "reasonable hourly fees" incurred in pursuing approval of the settlement and defending any appeal.  Troutman Sanders agreed to pay the first $200,000 of any approved fee.  (Doc. 6-251 at 5)

The probate estates objected (Doc. 6-255) to the Trustee's motion for approval of the settlement but failed to challenge the "additional consideration to estate" provision of the settlement agreement (either the fact of the fee or the $200,000 amount).  The bankruptcy court approved (Doc. 7-101) the settlement, and the probate estates twice appealed.  *See Estate of Juanita Jackson v. Scharrer*, 8:17-cv-1545-SDM (M.D. Fla. 2017); *Estate of Juanita Jackson v. Scharrer*, 8:19-cv-2082-SDM (M.D. Fla. 2019).  The bankruptcy court's approval of the settlement was affirmed on appeal, and the settlement became final in January 2021.

In February 2021, Genovese applied (Doc. 7-287) in accord with the "additional consideration" provision of the settlement agreement for the agreed $200,000

---

[1] "Additional Consideration to Estate. Trustee's counsel, Robert F. Elgidely, Esq. and Genovese Joblove & Battista, P.A. (together, "GJB"), shall apply to the Court for allowance and payment of the reasonable hourly fees and costs they incur in connection with the prosecution of the Motion to Approve this Settlement Agreement and any appeals of the 9019 Order (the "GJB Hourly Fee Application(s)"). Within ten (10) business days after entry of the final non-appealable order(s) approving the GJB Hourly Fee Application(s), Troutman shall pay up to a total of TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) to the Debtors' bankruptcy estate in order to enable the Trustee to pay such fees and costs to GJB. In determining whether an order approving the GJB Hourly Fee Application(s) is final and non-appealable, the Parties shall rely on the same standard of finality as set forth in paragraphs 2(i-v) for the 9019 Order."

in additional hourly fees and costs incurred in pursuing approval of the settlement and defending the appeals.[2] The probate estates objected (Doc. 7-315) and for the first time argued that the "additional consideration to estate" provision (1) permitted Genovese to "double dip" by receiving $200,000 in addition to the 45% contingency fee under its retention agreement with the Trustee, (2) created a "conflict of interest," and (3) resulted in Genovese's not qualifying as a "disinterested" party under 11 U.S.C. § 328(c).

The bankruptcy court overruled (Doc. 7-323) the probate estates' objections and approved Genovese's application. The order reasons that, because "the settlement agreement conspicuously provided that Troutman would pay the Trustee . . . [a]dditional [c]onsideration of up to $200,000.00" to reimburse an additional fee to Genovese, *res judicata* bars each of the probate estates' objections. (Doc. 7-323 at 16–17) After concluding that the $200,000 fee constitutes "reasonable compensation," the order approves the fee.

The probate estates appeal (Doc. 1) and challenge that the additional fee is "per se unreasonable" because the "additional consideration" provision (1) pays Genovese for work that the contingency fee already compensates, (2) creates a conflict of interest, and (3) renders Genovese not a "disinterested" party under Section 328(c). Each of these grounds to object to the settlement existed when the probate estates opposed the settlement between the Trustee and Troutman Sanders. Thus,

---

[2] Genovese reported that the hourly fees and costs "actually totaled $953,576.50," but Genovese limited the application to the $200,000 that Troutman Sanders agreed to pay. (Doc. 7-323 at 20)

the probate estates waived these objections by failing to raise them in opposition to the motion for approval of the settlement and in either earlier appeal, and the "law of the case," if not *res judicata* (to the extent of any applicable difference between the two, as applied here), bars the probate estates from asserting these objections in response to Genovese's application for payment in accord with the approved settlement. As satisfactorily explained by the bankruptcy court and by Genovese in the answer brief, the probate estates cannot under the guise of an opposition to the application for payment of fees in accord with the settlement belatedly attack a core provision of a settlement both approved after trial by the bankruptcy court and affirmed on appeal.

In other words, because the probate estates long ago waived any objection to the "additional consideration" provision of the settlement agreement, the only argument arguably remaining is whether $200,000 is a reasonable fee for the work that Genovese performed in pursuing approval of the settlement and defending the appeals. As the bankruptcy court correctly concludes (Doc. 7-323 at 17–20) — a conclusion that neither party challenges — the record resoundingly answers this question in the affirmative. Accordingly, the order (Doc. 2-1) of the bankruptcy court is **AFFIRMED**. The clerk must enter judgment for the appellees and **CLOSE** the case.

ORDERED in Tampa, Florida, on February 21, 2023.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE